I respectfully dissent from the conclusion of the majority which upholds the decision of the trial court to overrule the Motion to Suppress.
I would have reversed the decision of the trial court. I find that the evidence should have been suppressed.
The United States Supreme Court in Michigan v. Long (1983),463 U.S. 1032 held that a police officer may search the passenger compartment of a vehicle, limited to those areas in which a weapon may be placed or hidden, if the officer possesses "a reasonable belief based on specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant the officer to believe that the suspect is dangerous and that the suspect may gain immediate control of weapons." Id. at 1050, citing Terryv. Ohio (1968), 392 U.S. 1, 21. The court in Long held that the issue was whether a reasonably prudent man under the circumstances would be warranted in believing that his safety or that of others was in danger.
Other than Officer Norris' "intelligence information" that both appellant and Rawls were known drug dealers and his, at best, tenuous information that both were once suspects in a murder for whom two (2) other individuals had been convicted, appellee is unable to point to any such "specific and articulable facts". Moreover, the officers did not feel threatened at any point, as is evidenced by the fact that they testified that appellant fully cooperated with them and was polite to them and by the fact that they let Rawls leave the scene without first patting him down. In addition, the officers allowed both the appellant and Rawls to remain in the vehicle that appellant had been driving while both officers returned to the cruiser and ran a computer check on the driver's license status of the appellant. Patrolman Norris had the same information on appellant and Rawls at that point in time that he had when he searched the glove compartment. Thus, I find there were no "specific and articulable facts" reasonably warranting the officers to believe that appellant was dangerous ald that he may gain immediate control of weapons.
 ----------------------------- Judge Julie A. Edwards
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to appellant.
-----------------------------
-----------------------------
 ----------------------------- JUDGES